IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 4:15cr28

DEBORAH WAGNER,

Defendant.

## OPINION AND ORDER

This matter comes before the Court on the United States' ("Government") Motion to Dismiss or, in the Alternative, for Summary Judgment with Respect to the Petition of the Defendant's Minor Child. ECF No. 114. For the reasons stated herein, the Government's Motion to Dismiss the Petition of the Defendant's Minor Child is **GRANTED**, and the Petition of the Defendant's Minor Child is hereby **DISMISSED WITH PREJUDICE**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 15, 2015, a grand jury named Deborah Wagner ("Defendant") in an eleven-count indictment. It also cited forfeiture of assets pursuant to 18 U.S.C. §§ 981 and 982, and 21 U.S.C. § 853(p). ECF No. 11. On September 9, 2016, Defendant pled guilty to Count One, Conspiracy to Commit Mail and Wire Fraud, in violation of 18 U.S.C. § 1349. ECF No. 49.

According to the Agreed Statement of Facts, Defendant and her co-conspirators engaged in a scheme that recruited straw purchasers to serve as grantees in fraudulent transfers of timeshare units. From 2011 to 2013, Defendant and her employees, acting in and through her law firm, Wagner & Hyman, provided third party transfer services to GoodBye Timeshare, owned and operated by Brendan Hawkins. Statement of Facts, ECF No. 51 ¶¶ 2-3. From August 2013 until the end of 2013, Defendant provided similar services to Exotic Equity Transfers, owned and

1

operated by Keith Kosco. Id. ¶¶ 2, 4, 9. Mr. Kosco and Mr. Hawkins, through their respective companies, would charge the original owners a substantial fee to transfer their timeshare units (usually three times the maintenance fees) while assuring the original owners that such transfers were legal and legitimate. Id. ¶¶ 6-7. Defendant's role was to aid in the transfer to straw purchasers by having a fraudulent deed and contract produced to document the sale. Id. ¶ 14. Defendant and her co-conspirators were aware that the straw purchasers had neither the ability nor the intention of satisfying the financial obligations of timeshare unit ownership. Id. ¶ 11. For instance, at least one of the many straw purchasers was a jail inmate who did not know the conspirators were transferring units into her name. Mr. Hawkins and Mr. Kosco, through their companies, paid fees to Defendant and her law firm for her role in the scheme. Id. ¶ 10.

When resorts began objecting to certain transfers because of the repeated use of a straw purchaser, Defendant, her employees, and others would attempt to shift the transfer into the name of another straw purchaser. Id. ¶ 21. In addition, Defendant formed a separate nominee company, Vacation Match, LLC, with a business address at the location of a tanning salon she owned, for the purpose of finding new straw purchasers (many of these straw purchasers were paid between $20 and $50 for the use of their identities). See Virginia Corporate Records, ECF No. 61-5. The straw purchasers did not pay their fee obligations, resulting in losses of $2,050,739.29 to fourteen resorts. See Statement of Facts, ECF No. 51 ¶ 29; Losses by Resort, ECF No. 92-5.

On July 20, 2017, this Court sentenced Defendant to imprisonment for fifty (50) months. ECF No. 85. At that time, the Court also entered an agreed Preliminary Order of Forfeiture and recognized that the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, applied. After briefing and a hearing, the Court ordered Defendant to pay restitution in the amount of

$1,845,665.36. ECF No. 120.

In the meantime, beginning August 14, 2017, and ending September 12, 2017, the Government continuously published notice of forfeiture as to the assets listed in the Preliminary Order of Forfeiture, as required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure 32.2(b)(6). ECF No. 111-1. The Government also mailed notice to entities that the Government knew may have an interest in the property. ECF No. 117. Three people/entities filed timely petitions asserting interests in the forfeited property:

1. Chesapeake Bank filed a petition asserting an interest in 112 Peyton Road, Williamsburg, Virginia, in the amount of $19,667.59, ECF No. 100;

2. Mortgage Electronic Registration Systems, Inc. as designee for Wells Fargo (hereinafter "MERS") filed a petition asserting an interest in 112 Peyton Road, Williamsburg, Virginia in the amount of $308,810.45 and an interest in 53 Summer East, Williamsburg, Virginia in the amount of $109,151.28, ECF No. 106; and

3. Dale and Carole Wagner, as guardians of Defendant's minor child, filed a petition asserting an interest for the child in 112 Peyton Road, Williamsburg, Virginia in an unspecified amount. ECF No. 101.

The Government subsequently filed a status report stating it acknowledged and had no objection to the petitions filed by Chesapeake Bank and MERS; it only opposes the petition filed on behalf of Defendant's minor child. ECF No. 117.

On October 25, 2017, the Government filed the instant Motion to Dismiss or, in the Alternative, for Summary Judgment with Respect to the Petition of the Defendant's Minor Child. ECF No. 114.[1] On November 9, 2017, Defendant's minor child, through guardians, mailed his or her response to the Government's motion. ECF No. 118 at 4. The Government replied on November 17, 2017. ECF No. 121. Such motion is ripe for decision.

---

1. The Government also filed a notice informing petitioner of his or her need to respond to such motion. ECF No. 115.

3

## II. LEGAL STANDARD

Once the district court enters an order of forfeiture, the Government must publish notice of the order and notice of Government's intent to dispose of the property. 21 U.S.C. § 853(n)(1). Within thirty days from the end of the notice's publication or from the date a third party receives actual notice, whichever is sooner, third parties may file petitions asserting any interest they claim in the subject property. Id. § 853(n)(2).

Where, as here, a third party asserts an interest in real property subject to forfeiture, the court must conduct an ancillary proceeding. Fed. R. Crim. P. 32.2(c)(1). In the proceeding, the third-party petitioner cannot challenge the legality of the forfeiture ordered. The "only purpose" of the proceeding "is to determine whether any third party has a legal interest in the forfeited property." Fed. R. Crim. P. 32.2, Advisory Committee's Note; see also United States v. Lamid, 663 Fed. App'x 319, 326 (5th Cir. 2016). "A third-party claimant is entitled to a forfeited asset only if she had an interest vested or superior to the defendant before the commission of the offense[2] or was a bona fide purchaser for value." United States v. Hailey, 924 F. Supp. 2d 648, 656 (D. Md. 2013) (citing 21 U.S.C. § 853(n)(6)(A)-(B); United States v. Oregon, 671 F.3d 484, 488 & n. 1 (4th Cir. 2012)).

In conducting the ancillary proceeding the court may first, on motion, "dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason." Fed. R. Crim. P. 32(c)(1)(A). Next, the court may permit discovery if the court determines it is necessary or desirable. Id. 32(c)(1)(B). After discovery, if any,[3] a party may move for summary judgment

---

2. Because the property at issue, 112 Peyton Road, is considered a substitute asset, the Government dates its interest not from the commission of the offense, but from "July 20th, 2017, which is when the government's interest vested by virtue of the preliminary order of forfeiture." ECF No. 114 at 2, 14.

3. Where the court finds discovery is not necessary, it may proceed to consider a motion for summary judgment on the merits without first ordering discovery. See United States v. Jaynes, No. 5:06-CR-54-BR, 2009 WL 129969, at *2 (W.D.N.C. Jan. 20, 2009). This is consistent with proceedings under the Federal Rules of Civil Procedure, which

under Federal Rule of Civil Procedure 56. Id. In considering motions to dismiss and for summary judgment, "'procedures analogous to those in the Civil Rules may be followed,' including 'the prevailing case law on the issue.'" United States v. Phillips, No. 2:12CR37, 2013 WL 428557, at *2 (E.D. Va. Feb. 1, 2013) (quoting Fed. R. Crim. P. 32.2(c) Advisory Committee's Note).

The Government moves to dismiss the Petition on Behalf of Defendant's Minor Child. ECF No. 114. For purposes of considering a motion to dismiss a third-party petition, "the facts set forth in the petition are assumed to be true." Fed. R. Crim. P. 32.2(c)(1)(A). "As with a civil complaint facing a Rule 12(b)(6) motion to dismiss, 'a formulaic recitation of the elements of a cause of action will not do.' Instead, the petition 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Phillips, 2013 WL 428557, at *3 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and nested quotation marks omitted)).

In the alternative, the Government moves for summary judgment under Federal Rule of Civil Procedure 56, as allowed by Criminal Rule 32.2(c)(1)(B). ECF No. 114. A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); see also Kelley v. United Parcel Service, Inc., 528 Fed. App'x 285, 285 (4th Cir. 2013). The moving party has the initial burden of showing that no genuine dispute of material facts exists; however, "[o]nce a [moving party] makes a properly supported motion for summary judgment, the burden shifts to the

---

allow district courts to rule on summary judgment before the completion of discovery. See Long v. Ohio Cas. Ins. Co., 21 Fed. App'x 213, 214 (4th Cir. 2001) (ruling district court did not err in entering summary judgment prior to the completion of discovery where claims involved only a legal interpretation of documents).

[nonmoving party] to set forth specific facts showing that there is a genuine issue for trial." Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 817 (4th Cir. 1995).

When reviewing a motion for summary judgment, the court must "draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion." Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir. 1992), cert. denied, 507 U.S. 918 (1993); see also EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). However, "only 'reasonable' inferences from the evidence need be considered by the court." Sylvia Development Corp., 48 F.3d at 818. The Court of Appeals for the Fourth Circuit has elaborated on this principle, indicating that "[p]ermissible inferences must still be within the range of reasonable possibility, however, and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Id. (quoting Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir. 1958) cert. denied, 358 U.S. 908 (1958)). "Whether an inference is reasonable cannot be decided in a vacuum; it must be considered 'in light of the competing inferences' to the contrary." Id. (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986)).

## III. DISCUSSION

The Petition on Behalf of Defendant's Minor Child, ECF No. 101, (the "Petition") states, in part, that the minor petitioner is entitled to support; petitioner's parents are deceased or incarcerated; the subject property was not bought with proceeds from Defendant's fraud; and the property "is currently titled in the name of the Deborah M. Wagner Revocable Trust," which trust "was created in part for the benefit of the Petitioner." ECF No. 101 at 2. The Petition asks the Court to find that petitioner has an interest in the property, determine what that interest is, and order that petitioner's interest be paid to his or her guardians upon final disposition of the property. Id. The Petition is not verified. See id.

In the instant motion, the Government asks the Court to dismiss the Petition because it does not state a claim or otherwise comply with 21 U.S.C. § 853(n)(3) or, in the alternative, enter summary judgment against petitioner's asserted interest because such interest is, at best, contingent and inchoate. ECF No. 114 at 6. First, the Government argues the Petition should be dismissed because it is not sworn, does not identify the extent of the beneficiary's interest or when the beneficiary acquired such interest, and does not sufficiently identify the relief sought. Id. at 6-8. Second, the Government argues that the revocable trust, even if established partially for petitioner's benefit, did not vest any right, title, or interest in the property in the petitioner rather than the Defendant, or superior to the Defendant, before the Government's interest in the property vested.[4] Id. at 12-13. The Government attaches a copy of what it purports to be the document creating the Debora M. Wagner Revocable Trust (the "Trust Agreement"). ECF No. 114-1.

In response, petitioner does not dispute or object to the Trust Agreement submitted by the Government or otherwise challenge any of the Government's factual assertions. ECF No. 118. Nor does petitioner address any of the Government's legal arguments. Id. Instead, the response advances a different theory: that "Ms. Wagner, her children, and her parents as a creditor"[5] are entitled to all equity in the property because Defendant had to borrow money from her parents to pay her legal fees and to support her minor child while her assets were subject to the restraining order in this case. Id. at 2.

In reply, the Government argues that (1) petitioner lacks standing to assert Defendant's interest and, regardless, forfeiture became final as to Defendant when she agreed to the

---

4. The Government also argues a trust created under state law cannot "shield against federal forfeiture" based on the relevant statutes and the Supremacy Clause. ECF No. 114 at 10. However, the Court need not and does not reach this issue.

5. The response uses the plural "children." Although Defendant has two children, one is an adult and the Petition was filed only on behalf of Defendant's minor child.

Preliminary Order of Forfeiture, which was entered at sentencing; (2) petitioner's response does not address Defendant's minor child's claimed interest, which was fully briefed in the Government's Motion; and (3) Defendant's parents cannot assert a claim in the property because they did not file a timely petition[6] and they are, at most, general unsecured creditors. ECF No. 121 at 3-5.

### A. THE PETITION IS DEFECTIVE AND MUST BE DISMISSED.

First, the Court finds that the Petition is facially deficient and must be dismissed for failure to state a claim. A third-party petition must (1) "be signed by the petitioner under penalty of perjury," (2) "set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim," and (3) set forth the relief the petitioner seeks. 21 U.S.C. § 853(n)(3). Here, the Petition is not signed under penalty of perjury; it does not allege the extent of petitioner's interest in the property; it does not state the time and circumstances under which petitioner's interest allegedly arose; and it states no other facts that—if assumed true—would establish a sufficient interest in the property. See ECF No. 101 at 2. Therefore, the Petition does not allege the necessary elements to state a claim for relief and must be dismissed. See, e.g., United States v. Molina-Sanchez, No. 3:12CR25-FDW, 2013 WL 4083271, at *1 (W.D.N.C. Aug. 13, 2013) (dismissing deficient petition filed by pro se party).

---

6. Petitioner's response does not purport to be a petition as contemplated by Rule 32.2 of the Federal Rules of Criminal Procedure. However, to the extent petitioner's response could be construed as a request to file an untimely petition on behalf of anyone other than Defendant's minor child, such request is denied. The same people who filed the timely Petition on behalf of Defendant's minor child filed the response in this case. See ECF Nos. 101, 118. They knew of the alleged interest asserted in the response at the time they filed the Petition. See ECF No. 118 at 2. Thus, the Court can find no basis for excusable neglect or any other grounds to allow an untimely petition.

8

B.   ANY AMENDMENT OF THE PETITION WOULD BE FUTILE.

Second, the Court finds that permitting the petitioner to amend the Petition would be futile because the undisputed facts before the Court show that petitioner cannot establish any vested interest in the property that would warrant relief under 21 U.S.C. § 853(n). According to the Trust Agreement, Defendant is the settlor, the trustee, and a beneficiary of the Deborah M. Wagner Revocable Trust. ECF No. 114-1 at 3, 11. Defendant retains total control over and interest in the trust's assets. Id. at 3. ("While I am living, my Trustee shall hold or dispose of the trust assets *as I direct*. My Trustee may also pay income or principle as my Trustee considers appropriate for my support, health, and other needs and payment of my obligations." (emphasis added)). Defendant also "reserve[s] the right to revoke or amend" the trust during her lifetime. Id. at 10. Since Defendant is alive, the trust's assets—including the real property at issue—are subject to claims of Defendant's creditors. Va. Code § 64.2-747(A)(1). The trust provides for its assets to be divided among Defendant's then-living children only "following [her] death." Id. at 4.

Here, the Government's interest in the real property at issue vested by July 20, 2017, the date the Court entered the agreed Preliminary Order of Forfeiture. United States v. Marshall, 872 F.3d 213, 220 (4th Cir. 2017) ("[T]itle to substitute property vests in the Government upon order by the district court after conviction, at the latest."); see ECF No. 86. On that date, Defendant was alive and the Trust Agreement gave her unfettered control over the property. Indeed, under the Trust Agreement, Defendant could have disposed of the property and distributed all proceeds to herself if she so desired. Therefore, on July 20, 2017, petitioner had no right, title, or interest vested in petitioner rather than Defendant or superior to Defendant's rights, title, and interest in the property. See United States v. Church & Dwight Co., 510 Fed. App'x 55, 58 (2d Cir. 2013) (holding petitioner with a contingent interest lacked standing to assert claim where condition

precedent was not satisfied); United States v. Burge, 829 F. Supp. 2d 664, 668 (C.D. Ill. 2011) (ruling spouse had no claim under § 853(n)(6)(A) because interest was prospective and would vest only upon dissolution of the marriage). Petitioner had every opportunity to dispute these facts but failed to do so.[7] Such facts are thus deemed admitted, and any attempt by Petitioner to cure the Petition's defects would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss or, in the Alternative, for Summary Judgment with Respect to the Petition of the Defendant's Minor Child is hereby **GRANTED, IN PART**, ECF No. 114; and the Petition of the Defendant's Minor Child is hereby **DISMISSED WITH PREJUDICE**, ECF No. 101. The Government's alternative request for summary judgment is therefore **DENIED** as **MOOT**.

The Government is **DIRECTED** to file, within **FOURTEEN (14) DAYS** of the date hereof, a proposed Final Order of Forfeiture consistent with this Order.

The Clerk is **DIRECTED** to forward a copy of this Order to Dale Wagner, Carole Wagner, and to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
December 19, 2017

---

[7] Moreover, the day after the Government filed the instant motion, it expressly notified the petitioner:

> If you file a response, you must identify all facts stated by the government with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury).

See Notice, ECF No. 15.

10